Argued October 28, reversed December 9, 1974, reconsideration denied January 15, petition for review denied February 11, 1975

MONTGOMERY, *Respondent, v.* CITY OF WEST LINN ET AL, *Appellants.*

BERNEY, *Respondent, v.* CITY OF WEST LINN ET AL, *Appellants.*

LAWHORN, *Respondent, v.* CITY OF WEST LINN ET AL, *Appellants.*

RONDEAU, *Respondent, v.* CITY OF WEST LINN ET AL, *Appellants.*

528 P2d 1085

*John H. Hammond, Jr.*, Oregon City, argued the cause for appellants. With him on the briefs were Biggs & Hutchison, Oregon City.

*James C. Tait*, Oregon City, argued the cause for respondents. On the brief were Hibbard, Caldwell, Canning, Bowerman & Schultz and Donald B. Bowerman, Oregon City, for respondent Montgomery; Sidney A. Brockley and Jack, Goodwin & Urbigkeit, Oregon City, for respondents Berney and Lawhorn; and Dale D. Liberty, Sr., Oregon City, for respondent Rondeau.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

THORNTON, J.

These are consolidated appeals by respondents City of West Linn and its Municipal Court from a decision of the Clackamas County Circuit Court which allowed separate writs of prohibition against the city's municipal court. Each writ prohibited the city court from proceeding with the prosecution of each of the petitioners on charges involving the operation of a motor vehicle while under the influence of intoxicating liquor, in violation of municipal ordinance.

The City demurred to each petition on various of the following grounds:

(1) Failure to state facts sufficient to warrant issuance of the writ;

(2) Failure to allege that petitioner had made

timely objection in the municipal court regarding the lack of opportunity for voir dire;

(3) Petitioner was dilatory in commencing prohibition proceedings.

On appeal the City assigns as error the overruling of its demurrers to the petitions.

Circuit Court Judge JACOBS by memorandum opinion overruled respondents' demurrer on the basis that § 6 of West Linn City Ordinance No. 882 was invalid in that it failed to provide for voir dire, and thus deprived respondents of jurisdiction over petitioners. Orders were subsequently executed confirming the trial court's memorandum opinion. From these orders respondents have appealed.

The circuit court held that the use of the writ of prohibition was a proper method to determine whether the municipal court was without jurisdiction to proceed with the trial of petitioners. It also held that the municipal court lacked such jurisdiction because the ordinance failed to provide the respondents with the right to conduct voir dire examination of prospective jurors; and that irreparable injury to petitioners would result if petitioners were required to stand trial, then challenge the ordinance on appeal. These rulings are challenged by respondents who contend that the same are contrary to law.

The main thrust of petitioners' attack is that Ordinance No. 882[1] is unconstitutional in that it fails to allow petitioners the opportunity for voir dire exam-

_____

[1] Ordinance No. 882 is entitled:
"An Ordinance providing the right of trial by jury; the method and procedure of selecting jurors; and repealing Ordinance No. 601"

ination of prospective jurors, and thus deprives petitioners of due process of law.

Our first task is to determine if the writ of prohibition lies under all the circumstances involved here. We begin our inquiry by examining the nature and scope of this extraordinary legal remedy.

So far as we can determine only three cases involving the writ of prohibition have reached our Supreme Court. These cases are: *Southern Pacific Co. v. Heltzel,* 201 Or 1, 268 P2d 605 (1954); *Willamette Val. Lbr. Co. v. Tax Com.,* 226 Or 543, 359 P2d 98, 360 P2d 926 (1961); and *School Dist. No. 1, Mult. Co. v. Nilsen,* 262 Or 559, 499 P2d 1309 (1972) (which reversed 7 Or App 396, 490 P2d 1265 (1971)).

In *Southern Pacific Co.* the court allowed a writ of prohibition against the public utility commissioner who was about to conduct hearings concerning certain railroad tariffs which the statutes did not authorize him to regulate. In discussing the nature and scope of the writ of prohibition the court said:

> " 'The object of this writ is to prevent an inferior tribunal from usurping a jurisdiction with which it is not legally vested, or, to put it in another form, it issues only to restrain the acts of an inferior tribunal exercising some judicial power which it has no legal authority to exercise at all. A writ of prohibition is an extraordinary writ issuing out of a court of superior jurisdiction, and directed to an inferior court or some other inferior tribunal exercising some judicial or quasi judicial power, commanding it to cease entertaining jurisdiction of a cause or proceeding over which it has no control, or where such inferior tribunal assumes to entertain a cause over which it has jurisdiction, but goes beyond its legitimate powers

and transgresses the bounds prescribed to it by law.'

"* * * * *

" 'Three conditions are necessary to warrant the granting of the relief: First, that the court, officer or person against whom it is sought is about to exercise judicial or quasi-judicial power; second, that the exercise of such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists.' " 201 Or at 11, 13.

In *Willamette Val. Lbr. Co.* the court held that the writ would not lie to challenge the jurisdiction of the tax commission to increase the corporation's assessments of personal property taxes after they had been assessed and paid because the legal processes provided by statute were inadequate remedy. In addition the court observed:

"The fact that direct access to the courts might be more speedy and less burdensome than the route provided by statute does not necessarily justify judicial intervention in the executive or legislative process when the legislature has provided an exclusive remedy which is adequate. *Powell v. State Bd. of Pilot Com'rs,* 224 Or 122, 355 P2d 224; *P. U. Com. v. Portland Traction Co.,* 222 Or 614, 331 P2d 344." 226 Or at 548.

In *School Dist. No. 1* 'the court held that the writ would not lie to prohibit the Attorney General and the State Labor Commissioner from proceeding with a hearing on charges against the school district involving alleged racial discrimination. Here the court said, *inter alia:*

"* * * In every situation, before the writ will lie, it must be shown that an appeal would be inadequate * * *." 262 Or at 570.

Similar considerations are involved where the aid

of a court of equity is sought to enjoin peace officers and district attorneys from enforcing a criminal statute. There our Supreme Court has adhered to the rule that a court of equity will not enjoin criminal proceedings or stay the hands of peace officers in enforcing a criminal law unless the law is void and its enforcement will result in irreparable injury to vested property rights. *Amer. F. of L. et al. v. Bain et al.,* 165 Or 183, 106 P2d 544, 130 ALR 1278 (1940). *Accord: Alum. Utensil Co. et al v. North Bend et al,* 210 Or 412, 311 P2d 464 (1957).

We note that in the case at bar petitioners have not alleged that objection was raised by petitioners before the municipal court concerning the denial of voir dire examination.

■ Applying the three-pronged test previously quoted from *Southern Pacific Co. v. Heltzel,* supra, we find that the first condition is met by the pendency of the several criminal proceedings before the municipal court. The second condition, however, is not met. We follow the rationale of *School Dist. No. 1, Mult. Co. v. Nilsen,* supra at 566 et seq, and conclude that the municipal court has jurisdiction over the subject matter, namely, operating a motor vehicle within the corporate limits of the City of West Linn while under the influence of intoxicating liquor. There can be no doubt that the legislature has authorized the City to enact Ordinance No. 848 by ORS 484.030.

■ The third condition, likewise, is not met, since it is our conclusion that petitioners have a speedy and adequate remedy by appeal. Original Art VII, § 9 of the Oregon Constitution, ORS 157.020 and ORS 221.-350 to 221.380 authorize appeals from municipal courts.

If petitioners are convicted in the municipal court, under ORS 221.350 they are entitled to an appeal by way of trial de novo in the circuit court.

Based upon the authorities and statutes cited above, it is our conclusion that appeal is an adequate remedy and that the circuit court erred in holding that a writ of prohibition is a proper remedy here.

Since we hold that the writ does not lie we do not reach respondents' remaining assignments of error nor the merits of petitioners' constitutional challenge.

Reversed.